**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SYLVESTER TRACKLING (#117085)**                       **CIVIL ACTION**

**VERSUS**

**LT. GREGORY ALLEN**                                   **NO. 10-0756-RET-CN**


<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, November 23, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SYLVESTER TRACKLING (#117085)**                                **CIVIL ACTION**

**VERSUS**

**LT. GREGORY ALLEN**                                                        **NO. 10-0756-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Gregory Allen, complaining that the defendant violated the plaintiff's constitutional rights by subjecting the plaintiff to sexual harassment on June 21, 2010. Specifically, the plaintiff alleges that on that date, the defendant approached the plaintiff's cell, placed his buttocks against the plaintiff's cell bars, and stated "I have a birthday present for you".

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action, or any part of an action, brought in forma pauperis if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion

of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The Court concludes that the plaintiff's claim fails to rise to the level of a constitutional violation. Although the defendant's alleged conduct, if true, is reprehensible and perhaps deserving of censure, not every act of wrongdoing by a prison official gives rise to a federal cause of action. Section 1983 is not a general tort statute. Rather, it imposes liability against state officials only for rights secured by the Constitution and laws of the United States. It does not grant a cause of action for every injury inflicted by a state official. See Shillingford v. Holmes, 634 F.2d 263, 264 (5th Cir. 1981). In the instant case, the plaintiff alleges only a single incident of sexual harassment occurring on a single date and apparently involving no direct physical contact between the plaintiff and the defendant. On this record, the Court concludes that the alleged sexual misconduct by the defendant is not, without more, a claim of constitutional dimension. See Washington v. city of Shreveport, 2006 WL 1778756 (W.D. La. June 26, 2006), and cases cited therein, where relief was denied to a claimant who suffered unwanted sexual harassment over a 4-day period without physical injury or serious psychological injury. Cf., Adkins v. Rodriguez, 59 F.3d 1034 (10th Cir. 1995) (verbal sexual harassment by jailer, while outrageous and reprehensible, does not amount to a violation of the inmate's Eighth Amendment rights); Petty v. Venus Correctional Unit, 2001 WL 360868 (N.D. Tex. April 10, 2001) (same). Therefore, the plaintiff's claim in this case of sexual harassment occurring on June 21, 2010, should be seen as legally frivolous as a matter of law and should be dismissed.

Further, the Court notes that pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a ...

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the instant case, the plaintiff has failed to allege any physical injury to support a claim for monetary damages in this case. For this reason as well, the plaintiff's action must be dismissed as legally frivolous, reserving to the plaintiff any claim which he may have against the defendant arising under state law.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), reserving to the plaintiff any claim which he may have against the defendant arising under state law.

Signed in chambers in Baton Rouge, Louisiana, November 23, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**